# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLINDA F. BOWLES<br>    8978 Spring Hollow Lane<br>    Lauderdale, MS 39335<br><br>RONALD W. CANADA<br>    4375 Conwhey Court SW<br>    Smyrna, GA 30082<br><br>PETER A. SKROBACK<br>    2587 Old Athens Road<br>    Princeton, WV 24739<br><br>ERICK G. THEK<br>    Neuhauser Strabe 35<br>    83727 Schliersee, Germany<br><br>        Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF VETERANS AFFAIRS<br>    810 Vermont Avenue NW<br>    Washington, DC 20420<br><br>        Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

# INTRODUCTION

1. Plaintiffs Glinda Bowles, Ronald Canada, Peter Skroback, and Erick Thek bring this action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, to compel the United States Department of Veterans Affairs (VA) to act on Plaintiffs' requests for access to documents in their claims files. These documents are urgently needed to enable Plaintiffs to apply for military disability benefits. Although the requests were made as long as 8 months ago, the VA has neither produced the requested documents nor denied the requests. Accordingly, Plaintiffs seek a declaration that the VA has unreasonably delayed responding to Plaintiffs' requests for access to their records and an order requiring the VA to produce the requested records within 20 days of the Court's order.

# PARTIES

2. Plaintiff Glinda Bowles is a disabled veteran of the United States Coast Guard. On April 21, 2015, Ms. Bowles requested the documents in her VA claims file from the VA.

3. Plaintiff Ronald Canada is a disabled veteran of the United States Army. On April 21, 2015, Mr. Canada requested the documents in his VA claims file from the VA.

4. Plaintiff Peter Skroback is a disabled veteran of the United States Army. On April 21, 2015, Mr. Skroback requested the documents in his VA claims file from the VA.

5. Plaintiff Erick Thek is a disabled veteran of the United States Army. On April 21, 2015, Mr. Thek requested the documents in his VA claims file from the VA.

6.Each Plaintiff is an individual within the meaning of the Privacy Act, 5 U.S.C. § 552a(a)(2).

7.The VA is an agency of the federal government.

## JURISDICTION

8.This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## FACTS

9.The VA maintains a claims file for each veteran who has applied to the VA for disability benefits. Generally, the claims file contains all documents submitted by the veteran, any information the VA has obtained on behalf of the veteran, and any records the VA creates regarding the veteran. Documents in a claims file may include: a veteran's separation-from-service documents, setting forth the veteran's complete record of service; letters from the VA notifying the veteran of its decision to deny or grant benefits; the VA's rating decision, explaining the veteran's disability rating as determined by the VA; medical records from the veteran's term(s) of service; medical records from the VA Medical Center where the veteran was treated; and the veteran's active duty personnel file. The claims file is also referred to as a claims folder. The VA stores some claims files electronically in a "Virtual VA eFolder."

10.A veteran's VA claims file is located in a system of records maintained by the VA within the meaning of the Privacy Act, 5 U.S.C. §§ 552a(a)(3), (4), (5).

11.A veteran's claims file is part of his record and constitutes information pertaining to him within the meaning of the Privacy Act, 5 U.S.C. §§ 552a(a)(4), (d)(1).

12.When a veteran requests a copy of his or her own claims file, the Privacy Act and its implementing regulations require the VA to make a copy of the file for the veteran

or inform the veteran of the denial of the request and the reasons for the denial. 5 U.S.C § 552a(d)(1); 38 C.F.R. §§ 1.577, 1.580. Upon information and belief, the VA usually makes no redactions to the claims file documents provided to a requesting veteran.

13. The VA's procedures for processing Privacy Act requests state that "[r]equests for access to records will be acknowledged within 10 business days if the response cannot be provided within 20 business days, as required by the Privacy Act." VA Handbook 6300.4(3)(d)(1) (Aug. 19, 2013), http://www.va.gov/vapubs/view Publication.asp?Pub_ID=701&FType=2.

14. Each Plaintiff submitted a request to the VA for a copy of all documents contained in his or her VA claims folder and Virtual VA eFolder. To date, the VA has failed to act on Plaintiffs' requests. Without the requested documents, Plaintiffs cannot apply to the Combat-Related Special Compensation (CRSC) program for benefits or the Physical Disability Board of Review (PDBR) for adjustment of the disability rating, on which various benefits are based.

### A. Requests Related to Applications for Combat-Related Special Compensation

15. Plaintiffs Ronald Canada and Peter Skroback believe that they are eligible for, and desire to apply for, monthly benefits from the Combat-Related Special Compensation (CRSC) program.

16. The Combat-Related Special Compensation program is a U.S. Department of Defense program providing tax-free monthly payments to military retirees with combat-related disabilities. *See* 10 U.S.C § 1413a. Combat-Related Special Compensation

benefits supplement any monthly disability benefits the veteran is otherwise receiving from a military department or the VA.

17.     Mr. Canada and Mr. Skroback are eligible to apply for Combat-Related Special Compensation benefits because each receives military disability retirement pay and has one or more combat-related disabilities. 10 U.S.C. § 1413a(c).

18.     To qualify for Combat-Related Special Compensation, a veteran must file an application with supporting documentation demonstrating that the veteran's disability is a direct result of combat-related injuries.

19.     Copies of certain records from the applicant's VA claims file "must be submitted" with the application for Combat-Related Special Compensation in order for it to be processed. *See* DD Form 2860, Claim for Combat-Related Special Compensation, at Section V, available at https://www.hrc.army.mil/TAGD/Apply%20for%20CRSC. Required documents include copies of "[all] VA Rating Decisions, letters, and code sheets"; "[a]ll VA documents discussing changes in benefits including Special Monthly Compensation . . . and/or Individual Unemployability"; "[m]edical records or notes that verify how the injury/disability occurred"; "Physical Evaluation Board . . . results and/or summaries"; and "[a]ny evidence which can be used to verify the events or circumstances." *Id.*

20.     The veteran-applicant has the burden of proving that his or her disability was caused by a combat-related event. The documents submitted with the application are the basis for the decision whether to grant Combat-Related Special Compensation.

*1. Ronald Canada*

21.     Plaintiff Ronald Canada repeats and realleges the allegations in paragraphs 1-20.

22.     Mr. Canada believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

23.     Mr. Canada seeks the documents in his VA claims folder and Virtual VA eFolder to prepare an application for Combat-Related Special Compensation.

24.     On April 21, 2015, NVLSP sent a request on behalf of Mr. Canada to the VA Regional Office in Decatur, GA requesting all documents contained in Mr. Canada's VA claims folder and Virtual VA eFolder.

25.     Attached to the April 21, 2015, request was a Privacy Act waiver form signed by Mr. Canada and authorizing disclosure of his records to individuals at NVLSP.

26.     The VA Regional Office in Decatur, GA, received the request on April 27, 2015, as shown by a certified mail return receipt.

27.     By letter dated May 12, 2015, the VA Records Management Center in St. Louis, MO acknowledged the VA's receipt of Mr. Canada's request.

28.     As of the date of this complaint, the VA has not substantively responded to the April 21, 2015 request and has not produced any of the requested documents.

29.     Without access to his VA claims file, Mr. Canada is unable to file his application for Combat-Related Special Compensation benefits.

30.     The VA's delay of over 160 working days in acting on Mr. Canada's request has deprived him of his ability to apply for monthly benefits.

*2. Peter Skroback*

31. Plaintiff Peter Skroback repeats and realleges the allegations in paragraphs 1-20.

32. Mr. Skroback believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

33. Mr. Skroback seeks the documents in his VA claims folder and Virtual VA eFolder to prepare an application for Combat-Related Special Compensation.

34. On April 21, 2015, NVLSP sent a request on behalf of Mr. Skroback to the VA Regional Office in Huntington, WV requesting all documents contained in Mr. Skroback's VA claims folder and Virtual VA eFolder.

35. Attached to the April 21, 2015, request was a Privacy Act waiver form signed by Mr. Skroback and authorizing disclosure of his records to individuals at NVLSP.

36. The VA Regional Office in Huntington, WV received the request on April 27, 2015, as shown by a certified mail return receipt.

37. By letter dated July 22, 2015, the VA Records Management Center in St. Louis, MO acknowledged the VA's receipt of Mr. Skroback's request.

38. As of the date of this complaint, the VA has not substantively responded to the April 21, 2015 request and has not produced any of the requested documents.

39. Without access to his VA claims file, Mr. Skroback is unable to file his application for Combat-Related Special Compensation benefits.

40. The VA's delay of over 160 working days in acting on Mr. Skroback's request has deprived him of his ability to apply for monthly benefits.

## B. Requests Related to Applications to the

## Physical Disability Board of Review

41.     Plaintiffs Glinda Bowles and Erick Thek intend to apply to the Physical Disability Board of Review (PDBR) for review of their disability ratings.

42.     The Military Departments assign to service members who are discharged for disability a "disability rating" between 0% and 100% that represents each service member's disability. The disability rating criteria used by the Military Departments are the same criteria used by the VA to assess the degree of disability. When a service member has more than one disability, the Military Department calculates a "combined disability rating."

43.     When a Military Department assigns a combined disability rating of 30 percent or more, the service member is entitled to military disability retirement benefits. When a Military Department assigns a combined disability rating of less than 30%, the service member is not entitled to military disability retirement benefits.

44.     Congress created the PDBR in 2008 based on studies showing that the Military Departments were shortchanging disabled service members by erroneously assigning them a less than 30% disability rating. These studies showed that a large number of the service members who received disability ratings of less than 30% from a Military Department would apply to the VA after discharge and these same veterans would receive disability ratings of 30% or higher from the VA for the same disabilities under the same disability rating criteria. As a result, Congress created the PDBR to ensure the accuracy and fairness of combined military disability ratings of 20% or less

assigned to service members who were discharged between September 11, 2001, and December 31, 2009. *See* 10 U.S.C. § 1554a.

45. An eligible veteran may apply to the PDBR to have the PDBR review his or her combined military disability rating. 10 U.S.C. § 1554a(c).

46. Because, as part of the review process, the PDBR considers the rating previously awarded to an applicant by the VA for his or her medical condition, a veteran's VA disability rating and VA medical records are essential to the veteran's application to the PDBR.

47. Documents reflecting the veteran's VA disability rating and the veteran's VA medical records are in the veteran's VA claims file.

48. As a result of its review, the PDBR may recommend to the secretary of the appropriate military service branch an upward adjustment in the veteran's military disability rating to 30% or higher, which would result in lifetime military disability retirement benefits, retroactive to the date the veteran was discharged for disability. The PDBR may not recommend reducing the veteran's military disability rating. 10 U.S.C. § 1554a(d).

*1. Glinda Bowles*

49. Plaintiff Glinda Bowles repeats and realleges the allegations in paragraphs 1-20 and 41-48.

50. Ms. Bowles seeks the documents in her VA claims folder and Virtual VA eFolder to prepare her application to the PDBR for adjustment of her disability rating.

51. On April 21, 2015, NVLSP submitted a request on behalf of Ms. Bowles to the VA Regional Office in Jackson, MS requesting all documents contained in Ms. Bowles's VA claims folder and Virtual VA eFolder.

52. Attached to the April 21, 2015, request was a Privacy Act waiver form signed by Ms. Bowles and authorizing disclosure of her records to individuals at NVLSP.

53. The VA Regional Office in Jackson, MS received the request on April 27, 2015, as shown by the U.S. Postal Service's electronic tracking confirmation.

54. By letter dated June 11, 2015, the VA Records Management Center in St. Louis, MO acknowledged the VA's receipt of Ms. Bowles's request.

55. As of the date of this complaint, the VA has not substantively responded to the April 21, 2015, request and has not produced any of the requested documents.

56. Without access to her VA claims file, Ms. Bowles is unable to file her application with the PDBR for review of her disability rating.

57. The VA's delay of over 160 working days in acting on Ms. Bowles's request has deprived her of her ability to apply for review by the PDBR and precluded her from receiving any additional disability retirement benefits to which she may be entitled.

*2. Erick Thek*

58. Plaintiff Erick Thek repeats and realleges the allegations in paragraphs 1-20 and 41-48.

59. Mr. Thek seeks the documents in his VA claims folder and Virtual VA eFolder to prepare his application to the PDBR for adjustment of his disability rating.

60. On April 17, 2015, NVLSP submitted a request on behalf of Mr. Thek to the VA Regional Office in Wilmington, DE requesting all documents contained in Mr. Thek's VA claims folder and Virtual VA eFolder.

61. Attached to the April 17, 2015, request was a Privacy Act waiver form signed by Mr. Thek and authorizing disclosure of his records to individuals at NVLSP.

62. The VA Regional Office in Wilmington, DE received the request on April 22, 2015, as shown by a certified mail return receipt.

63. As of the date of this complaint, the VA has not substantively responded to the April 17, 2015, request and has not produced any of the requested documents.

64. Without access to his VA claims file, Mr. Thek is unable to file his application with the PDBR for review of his disability rating.

65. The VA's delay of over 160 working days in acting on Mr. Thek's request has deprived him of his ability to apply for review by the PDBR and precluded him from receiving any additional disability retirement benefits to which he may be entitled.

## CLAIMS FOR RELIEF

66. The VA's failure to act on Plaintiffs' access requests constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

67. The VA's failure to act on Plaintiffs' access requests violated the Privacy Act, 5 U.S.C. § 552a(d)(1), and thus constitutes agency action that is not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

Wherefore, Plaintiffs request that this Court

A. Declare unlawful the VA's failure to act on Plaintiffs' requests for documents;

B. Order the VA to disclose to each Plaintiff the requested records within 20 days of the Court's order;

C. Award Plaintiffs' their reasonable costs and attorney's fees under 28 U.S.C. § 2412; and

D. Grant all other appropriate relief.

Dated: December 18, 2015

Respectfully Submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington, DC 20001
Phone: (202) 662-9535
Fax: (202) 662-9634
Email: Michael.Kirkpatrick@law.georgetown.edu

/s/ Patrick Llewellyn
Patrick Llewellyn (Georgia Bar No. 235565)
*Pro Hac Vice Application To Be Filed*
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington, DC 20001
Phone: (202) 661-6701
Fax: (202) 662-9634
Email: Patrick.Llewellyn@law.georgetown.edu

/s/ Barton F. Stichman
/s/ Barton F. Stichman (DC Bar No. 218834)
National Veterans Legal Services Program
1600 K St. NW #500
Washington, DC 20006
Phone: (202) 265-8305
Email: bart@nvlsp.org

*Attorneys for Plaintiff*

11